**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 21-4681**

─────────

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

IVAN CLIFTON POWELL,

         Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:10-cr-00197-NCT-1)

─────────

Submitted: July 8, 2022                            Decided: July 25, 2022

─────────

Before MOTZ and DIAZ, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:** George E. Crump, III, Rockingham, North Carolina, for Appellant. Ashley E. Waid, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan Clifton Powell appeals from the revocation of his supervised release and the imposition of a 21-month sentence of imprisonment, followed by 12 months of supervised release. On appeal, Powell's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court imposed a plainly unreasonable sentence. Although advised of his right to file a supplemental pro se brief, Powell has not done so, and the Government has declined to file a brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-39 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). In this initial inquiry, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

A revocation sentence can be either procedurally or substantively unreasonable, *Webb*, 738 F.3d at 640, and we generally employ the same procedural and substantive considerations that guide our review of original sentences, *Crudup*, 461 F.3d at 438. "A revocation sentence is procedurally reasonable if the district court adequately explains the

2

chosen sentence after considering the . . . Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); see 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Only if we find a sentence unreasonable do we consider "whether it is plainly so." *Webb*, 738 F.3d at 640 (internal quotation marks omitted).

When imposing a revocation sentence, a district court must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner to allow for meaningful appellate review. *Slappy*, 872 F.3d at 207-08. An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (brackets and internal quotation marks omitted).

We find that the selected revocation sentence is both procedurally and substantively reasonable. Powell's original conviction was a Class C felony. 18 U.S.C. § 3559(a)(3); see 18 U.S.C. 922(g), 924(a)(8) (providing for maximum sentence of 15 years). Therefore, upon revocation of his supervised release, Powell was subject to a maximum prison term of two years. 18 U.S.C. § 3583(e)(3). Thus, the 21-month revocation sentence was within the statutory maximum.

3

Powell's most serious violation was a Grade B violation, and his original criminal history category was VI. Thus, his policy statement imprisonment range was 21 to 27 months, revised to 21 to 24 months due to the statutory maximum. USSG § 7B1.4(a), p.s. The district court appropriately considered the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors, specifically referencing the nature and circumstances of the offense and Powell's repeated inability to comply with supervised release. The court expressly relied on the need to protect the public and to deter future conduct by Powell and others, noting that Powell's use of a "Whizzinator" interfered with the Government's ability to supervise people on release. The court considered Powell's arguments in mitigation but determined that his newfound commitment to compliance was difficult to believe given his past. We find that the district court appropriately considered the relevant factors and adequately explained the selected 21-month sentence.

Finally, we must consider the substantive reasonableness of the selected sentence. We find that, in view of the totality of the circumstances, nothing in the record overcomes the presumption of substantive reasonableness afforded the within-range sentence that Powell received. Therefore, Powell's sentence of imprisonment is substantively and procedurally reasonable.

The maximum term of supervised release that can be reimposed following revocation is the maximum term of supervised release authorized by statute upon which the underlying conviction is based minus the imprisonment imposed upon revocation. See USSG § 7B1.3(g)(2), p.s. At the time of the original offense, the authorized term of supervised release allowable was three years. 18 U.S.C. 3583(b)(2) Because the court

4

sentenced Powell to 21 months in prison upon revocation, the imposition of a 12-month term of supervised release following the revocation sentence was within the maximum authorized term. Additionally, the district court adequately explained its rationale for imposing the supervised release term, as well as the conditions of supervised release.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform Powell, in writing, of the right to petition the Supreme Court of the United States for further review. If Powell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Powell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*